**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CHARLES BATES AND** | * | **CIVIL ACTION NO. 25-1098** |
| **TERRANCE ANTOINE** | | |
| | * | **JUDGE ELDON E. FALLON** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE** |
| **BARRIERE CONSTRUCTION CO., LLC,** | | **KAREN WELLS ROBY** |
| **AND JOHN DOE** | * | |

\*    \*    \*    \*    \*    \*    \*

**ORDER & REASONS**

Before the Court are two motions for summary judgment. Plaintiffs Charles Bates and Terrance Antoine ("Plaintiffs") filed a Motion for Partial Summary Judgment on the Issues of Duty and Breach. R. Doc. 13. Defendant Barriere Construction Co., LLC ("Barriere") filed a Motion for Summary Judgment seeking dismissal of all of Plaintiffs' claims. R. Doc. 15. The parties oppose each others' motions, R. Docs. 16, 17, and Defendant filed a reply in support of its motion, R. Doc. 18. Considering the record, briefing, and applicable law, the Court now rules as follows.

**I.    BACKGROUND**

This is a negligence case. According to the undisputed facts on the summary judgment record, Plaintiffs were driving eastbound on North Claiborne Avenue in the late evening hours of December 10, 2023, when an asphalt roller travelling against the flow of traffic struck their vehicle. R. Docs. 13-1 at 3; 15-2 at 2–3. Defendant Barriere owned this Caterpillar CB10 Asphalt Roller (the "asphalt roller"), and the parties acknowledge that there is no evidence that the driver of the asphalt roller was a Barriere employee. R. Docs. 13-1 at 3; 15-2 at 2–3. Instead, the parties agree that a thief had stolen the asphalt roller from a nearby equipment staging area. R. Docs. 13-1 at 3; 15-2 at 2–3.

At the time of this accident, but during regular working hours, Barriere was in the process of performing activities related to its contract with the City of New Orleans for the "Bayou St. John Fairgrounds Seventh Ward Group B Project." R. Doc. 15-2 at 1. When not in use, Barriere stored its equipment in a nearby "equipment staging area" underneath a highway overpass and on Louisiana Department of Transportation property. R. Doc. 13-1 at 2. The staging area did not have video surveillance, fencing, or security guards present to monitor the stored equipment. R. Doc. 15-2 at 2–3, 5. It is from this staging area that the thief stole the asphalt roller. *Id.* at 2.

Barriere's internal policies instruct that its equipment left unattended at night, like the asphalt roller here, should be placed together in a well-lit area, have vandal guards, and have their master switches turned off. R. Doc. 13-1 at 4. About four months before the accident, Barriere marked that this asphalt roller did not have vandal guards. *Id.* While there is no specific evidence in the summary judgment record that Barriere's internal safety policies were not followed on the last working day immediately proceeding this accident, the undisputed evidence shows that a third party was able to gain access to and operate the asphalt roller. R. Doc. 15-2 at 2. Plaintiffs now seek to hold Barriere liable for its negligence in securing the asphalt roller prior to leaving it in the staging area.

## II.    PRESENT MOTIONS

### a.    Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs ask the Court to find that Defendant owed them a duty and breached that duty, leaving to the jury the questions of causation, scope of duty, and damages. R. Doc. 13. Specifically, they argue that Barriere owed the general public a duty to protect against the criminal acts of third parties because the criminal act at issue here—the stealing of a large piece of machinery—is highly foreseeable and there is a low burden of prevention. R. Doc. 13-2 at 3–

5. Separately, they argue that Barriere's contract with the City of New Orleans establishes contractual duty because it requires Barriere to "take all reasonable and proper precautions to protect the public." *Id.* at 5. Plaintiffs also aver that Defendant failed to adhere to its own internal safety specifications establishes that Barriere breached its duty to prevent the theft of its roller. *Id.* at 6–8. For example, they cite to evidence purportedly establishing that Barriere knew this roller was not equipped with a vandal guard months before this incident and, flouting its internal safety standards, failed to ever add a vandal guard to this roller. *Id.* Therefore, considering the evidence submitted by Plaintiffs that they claim cannot be disputed by Defendant, Plaintiffs ask the Court grant summary judgment in their favor on the issues of duty and breach. *Id.* at 9–10.

Defendant opposes the motion. R. Doc. 17. As a threshold issue, it contends that any facts cited from the deposition of Barriere's corporate representative, Mr. Lynn Meades, in Plaintiffs' statement of facts, R. Doc. 13-1, should be stricken from the record because Plaintiffs did not attach a copy of the deposition to its motion. *Id.* at 1. The Court will disregard the portions of Plaintiffs' statement of  facts, R. Doc. 13-1, which rely upon Mr. Meades's deposition for purposes of the factual background section of this motion. It will, however, exercise its ability to consider the testimony in assessing both motions since the complete transcript is in the record. Fed. R. Civ. P. 56(b)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

Turning to the merits, Barriere generally argues that it owes no duty to Plaintiffs to protect against the criminal acts of third parties and that, even if it did, Plaintiffs' suffered harm does not fall within the scope of its duty because this crime was not foreseeable. *Id.* at 6–8. It stresses that business owners are not obligated to protect customers off of their premises and outside of business hours—two facts present in this case. *Id.* at 9–10. Separately, it argues that its

3

construction contract with the City of New Orleans does not impose an applicable duty in this case. *Id.* at 11–13. Finally, it submits that Plaintiffs did not submit any evidence Barriere breached its duty. *Id.* at 13–16.

### b.     Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on all of Plaintiff's claims. R. Doc. 15. First, it asserts that Plaintiffs, who alleged in their petition for damages that Barriere could be vicariously liable for the actions of the asphalt roller operator, have no proof that the operator was acting within the scope of their employment with Barriere. R. Doc. 15-3 at 5–6. Thus, they ask that Plaintiffs' claims premised on vicarious liability or liability for negligent supervision be dismissed. *Id.* The only remaining claim, therefore, would be direct negligence against Barriere. Relying on *Posecai v. Wal-Mart Stores, Inc.*, 99-1222 (La. 11/30/99), 752 So. 2d 829, Defendant presses that Plaintiffs cannot demonstrate that Barriere was directly negligent for this third party's actions because (1) it owed no duty to these Plaintiffs because there exists no general duty to protect others from the criminal activities of third persons, and this kind of act was not foreseeable; (2) there is no evidence that Barriere breached a duty; and (3) there is no evidence that Barriere was the legal cause of Plaintiffs' injuries. *Id.* at 7–15.

Plaintiffs oppose the motion. R. Doc. 16. Importantly, Plaintiffs state that they only intend to press their claim that "Barriere was *independently* negligent in failing to secure a dangerous instrumentality . . . against foreseeable unauthorized use." *Id.* at 5. And in support of that direct negligence claim, Plaintiffs cite multiple disputed facts are present as to whether Defendant breached a duty to them and whether their injuries were within the scope of Defendant's duty. *Id.* at 3–5. They also contend that the theft of the asphalt roller is not a superseding cause and the *Posecai* balancing test weighs in their favor for the denial of summary

judgment. *Id.* at 6–7. Finally, Plaintiffs distinguish a case involving the theft of a car, using the analysis to highlight the disputed facts present in this case. *Id.* at 7–9.

Defendant replied, largely reiterating its original arguments. R. Doc. 18.

### III.    LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c*)*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

### IV.    DISCUSSION

Plaintiffs ask that the Court grant summary judgment in their favor and find that Barriere owed them a duty and that they breached that duty. R. Doc. 13. Defendant asks that the Court grant summary judgment on all of Plaintiffs' claims because, *inter alia*, their injuries fall outside the scope of any arguable duty owed by Barriere to Plaintiffs. R. Doc. 15. For the following

5

reasons, the Court grants in part and denies in part each of the parties' motions. Plaintiffs will proceed to trial on their direct negligence claims.

### A.       Plaintiffs' Abandonment of Certain Claims

Plaintiffs' petition lists three negligence theories against Barriere: "[1] Negligent hiring, training, supervision, and retention of its driver[, 2] Failing to implement and enforce safe operational practices for their construction equipment[, and 3] Inadequate oversight of its employees and failure to secure traffic conditions." R. Doc. 1-1 at 2. Despite asserting these three theories at the pleading stage, now, at the summary judgment stage, Plaintiffs state that they only intend to press their claim that "Barriere was *independently* negligent in failing to secure a dangerous instrumentality . . . against foreseeable unauthorized use." *Id.* at 5. Indeed, they "do not contend that Barriere is vicariously liable for the act of John Doe," the unidentified operator of the asphalt roller. *Id.* Therefore, the Court will grant Defendant's summary judgment motion as to its request to dismiss Plaintiffs' negligent hiring, training, supervision and retention and inadequate oversight claims. The only remaining claim is Plaintiffs' direct negligence claim against Barriere.

### B.       General Negligence

Louisiana Civil Code art. 2315 provides that "[e]very act whatever of man that causes damages to another obliges him by whose fault it happened to repair it." This general negligence statute utilizes the standard duty-risk analysis, which requires that the plaintiff prove the following five elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries

(the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Lemann v. Essen Lane Daquiris, Inc.*, No. 2005-1095 (La. 3/10/06), 923 So. 2d 627, 633 (citing *Fowler v. Roberts*, 556 So. 2d 1, 4 (La. 1989), *reh'g granted on other grounds and original opinion reinstated as supplemented*, 556 So. 2d at 13 (La. 1990)).

Here, Defendant takes issue with each element but the damages element. *See* R. Doc. 15. It primarily argues that, under *Posecai*, it had no duty to protect Plaintiffs from the third party's criminal act here because the crime was not foreseeable. *See id.* Plaintiffs submit that the *Posecai* foreseeability balancing test weighs in their favor, allowing this Court to conclude that Barriere owed them a duty as a matter of law to protect them against this criminal activity because it was foreseeable. *See* R. Docs. 13, 16. The Court, however, finds that *Posecai* is not applicable to this case.

### a. Inapplicability of *Posecai*

Both sides categorize this case as one that falls within the gambit of *Posecai*, the Louisiana Supreme Court case that announced for the first time the Supreme Court's answer to the question of "whether business owners owe a duty to protect their patrons from crimes perpetrated by third parties." No. 99-1222, 752 So. 2d at 766. But Plaintiffs are not Defendant's patrons, nor any similarly situated invitee. Instead, this case concerns whether Defendant was negligent with respect to its *movable* property stored in a publicly accessible area.

In *Posecai v. Wal-Mart Stores, Inc.*, the Louisiana Supreme Court held that Wal-Mart owed no duty to the plaintiff, who was robbed at gunpoint in the parking lot of the Kenner Sam's Wholesale Club, because the crime was not reasonably foreseeable by the business because there were no similar enough criminal events that could give rise to a heightened duty of care. No. 99-1222 (La. 11/30/99), 752 So. 2d 762, 768. Grounded in the principal that "although business

owners are not the insurers of their patrons' safety," the Court determined that "they do have a duty to implement reasonable measures to protect their patrons from criminal acts when those acts are foreseeable." *Id.* at 766. It adopted a balancing test, which instructs courts that are considering whether to impose a duty to balance "[t]he foreseeability of the crime risk on the defendant's property and the gravity of the risk." *Id.* at 768. Duty will attach if the crime was foreseeable. *Id.*

The Louisiana Supreme Court recently assessed a negligence action involving liability for the criminal actions of a third party where *Posecai* did not apply. In *Doe v. McKesson*, the Court answered certified questions from the Fifth Circuit, one of which asking "Whether Louisiana law recognizes a duty, under the facts alleged in the complaint, or otherwise, not to negligently precipitate the crime of a third party?" No. 2021-00929 (La. 3/25/22), 339 So. 3d 524, 531. In that case, the plaintiff police officer brought negligence claims against the organizer of a protest after the officer was struck in the face at the protest by a piece of concrete or similar rock-like object by an unidentified participant, injuring him. *Id.* at 527. The Court reasoned that, at the pleading stage, the officer plausibly alleged that the protest organizer breached his duty of reasonable care in organizing the demonstration. *Id.* at 531. Specifically, it noted that "[b]y ignoring the foreseeable risk of violence that his actions created, [the organizer] failed to exercise reasonable care in conducting his demonstration." *Id.*

The duty identified by the Supreme Court under those circumstances, though, "[wa]s not . . . a 'duty to protect others from the criminal activities of third persons.'" *Id.* at 521–32 (quoting *Posecai*, 752 So.2d at 766). "Louisiana does not recognize such a duty." *Id.* at 532. "It does, however, recognize a duty not to negligently cause a third party to commit a crime that is foreseeable consequences of negligence." *Id.* (citing *Brown v. Tesack*, 566 So. 2d 955 (La.

8

1990)). Distinguishing these theories, it noted that the *Posecai* line of cases, for example, stands for the proposition that "a business owner has no duty to provide security guards in its parking lot if there is a very low risk of crime." *Id.* (citing *Posecai*, 752 So.2d at 760). The other rule, derived from *Brown v. Tesack*, stands for the proposition that "a school can be liable when it negligently disposes of flammable material in an unsecured dumpster and local children use the liquid to burn another child." *Id.* (citing *Brown*, 566 So. 2d at 957). In applying the *Brown* rule, the Court in *Doe* reasoned that "[the organizer] owed [the officer] a duty not to negligently precipitate the crime of a third party" because "a jury could plausibly find that a violent confrontation with a police officer was a foreseeable effect of negligently directing a protest." *Id.*

The instant case fits more with cases like *Doe v. McKesson* and *Brown*, which apply when a defendant's initial allegedly negligent act opens the door for a third party to cause the plaintiff harm, than it does with *Posecai*, which applies when criminal activity occurs on or near a business's property. For example, in *Brown*, a school employee disposed of canisters of flammable fluid in a dumpster which were later taken out of the dumpster by local children, who played with the fluid by lighting things on fire. 556 So. 2d at 956. A "fireball" struck the plaintiff, injuring him and prompting him to sue the school board, arguing that it had a duty to properly dispose of the flammable fluid. *Id.* The Louisiana Supreme Court agreed, holding that the school had a duty to properly dispose of the flammable fluid because of the nature of the fluid and the risk of harm. *Id.* at 957. The Court reasoned that the risk of children playing with the liquid was "not only foreseeable but *foreseen*" because the school had written policies addressing proper storage of the liquid; "[c]learly, these precautions were taken to ensure that the fluid did not fall into the hands of third parties—possibly children." *Id.*

9

Here, the asphalt roller is analogous to the flammable liquid in *Brown*. Both items are potentially dangerous pieces of movable property that were placed in publicly accessible areas by the defendants. Both items were removed from the publicly accessible areas, where they were placed by the defendants, by third parties who used the property to allegedly cause harm to the plaintiffs. Given these similarities, it is clear to the Court that *Brown* and these kinds of cases, and not *Posecai* and its progeny, are applicable here. This case does not concern criminal activity that occurred at one of Barriere's physical business locations to one of its patrons. The Court will proceed with assessing Plaintiffs' direct negligence claim through the general negligence lens.

### b.      Duty vs. Scope of Duty in Louisiana Law

The threshold question in any negligence action, and the first question a court should consider, is whether the defendant owed the plaintiff a duty. *Lemann*, No. 2005-1095, 556 So. 2 at 13. Duty "is a question of law; the inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty." *Faulkner v. The McCarty Corp.*, No. 02-1337 (La. App. 4 Cir. 6/11/03), 853 So.2d 24, 27 (quoting *Perkins v. Entergy Corp.*, No. 98-2081 (La. App. 1 Cir. 12/28/99), 756 So.2d 388, 403). Duties may also arise from the nature of the undertaking or by contract. *Harris v. Boh Bros. Constr. Co.*, No. 2020-0248 (La. App. 4 Cir. 5/26/21), 322 So. 3d 397, 412.

Defendant asserts that the legal standard for duty includes the inquiry "of whether the duty allegedly breached extends to the risk of harm suffered by the plaintiff." R. Doc. 15-2 at 7 (citing *Price v. North*, No. 2021-0236 (La. App. 1 Cir. 10/18/21), 331 So. 3d 959, 968). But this inquiry targets the scope of the duty owed by the defendant to the plaintiff—not simply the existence of a duty. When the Louisiana Supreme Court adopted the duty/risk approach to negligence, it structured the elements such that the "Louisiana Duty/Risk method of analysis

10

turned the proximate cause question into a question for the judge, rather than a question for the jury." Maraist, Galligan, Church, & Corbett, La. Tort L. § 5.02 (perm. ed., rev. vol. 2026). But as the Louisiana Tort Law Treatise tracks, Louisiana law has begun to return the fact-intensive and case-specific inquiry of the scope of liability to the factfinder, which is how the Restatement (Third) of Torts: Liability for Physical and Emotional Harm structures the general negligence elements. *See id.* at § 5.02[4], [5], & [7].

In a case involving the application of *Posecai*, the Louisiana Supreme Court recently noted the importance of distinguishing the duty and scope of duty inquiries, noting that "the *Posecai* Court, too, merged the concept of duty and scope of duty into a single consideration." *Campbell v. Orient-Express Hotels La., Inc.*, No. 2024-00840 (La. 3/21/25), 403 So. 3d 573, 583. The Court explained that *Posecai*'s "inclusion of 'reasonable foreseeability' in the initial determination of an innkeeper's duty to its guests is antithetical to the broad principle of fault of Article 2315 and the long-recognized special relationship between an innkeeper and its guests which warrants the imposition of a duty." *Id.* It then continued, however, to explain that the *Posecai* court still analytically included the crucial foreseeability-of-crime-risk inquiry "in the scope-of-duty inquiry, rather than the determination of duty at the outset." *Id.* at 584. The Court declared that "[w]hether the [defendant], as an innkeeper, owed a duty to its guests, including [the plaintiff], is a legal issue not defined by facts and circumstances." *Id.* It then found that the defendant "owed a duty to take reasonable precautions to protect its guests from criminal acts of third parties" and considered the foreseeability issue separately in the scope-of-duty inquiry. *Id.*

This Court will follow *Campbell* and distinguish duty and scope of duty in its assessment of the general negligence elements in this case. "When judges decide both the broad duty question and  the scope of the risk question, they blur the line . . . [and] combine or conflate duty

11

and scope of liability." La. Tort L. § 5.02. This distinction is particularly important here, where Plaintiffs have asked this Court to grant summary judgment in their favor on the element of duty. *See* R. Doc. 13. The Court will first address the first element, the duty element, and will then proceed to element four and consider the scope-of-duty owed in this case.

### 1. Element 1: Duty

As previously stated, duty is a question of law that can be resolved by a judge at the summary judgment stage. *McKesson*, No. 2021-00929, 339 So. 3d at 531 (quoting *Boykin v. La. Transit Co.,* 707 So. 2d 1225, 1231 (La. 1998)) ("There is a 'universal duty on the part of the defendant in negligence cases to use reasonable care so as to avoid injury to another.'"). " In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented." *Lemann*, No. 2005-1095, 923 So. 2d at 633 (citing *Socorro v. City of New Orleans*, 579 So. 2d 931, 938 (La. 1991)). "The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty." *Id.*; *see also Claborne v. Hous. Auth. of New Orleans*, No. 2023-0214 (La. App. 4 Cir. 3/21/24), 401 So. 3d 669, 682–83. "The court may take 'various moral, social, and economic factors' into account when determining whether to impose a duty," including "(1) the fairness of imposing liability; (2) the economic impact on the defendant and on similarly situated parties; (3) the need for an incentive to prevent future harm; (4) the nature of defendant's activity; (5) the potential for an unmanageable flow of litigation; (6) the historical development of precedent; and (7) the direction in which society and its institutions are evolving." *Id.* (quoting *In re New Orleans Train Car Leakage Fire Litig.*, 00-0479, p. 47 (La. App. 4 Cir. 6/27/01), 795 So. 2d 364, 394) (cleaned up).

The Court finds that Barriere owed a duty to use reasonable care in storing its asphalt roller in a way that would protect the public from potential injury. General principals of fault support this conclusion. *See Brown*, 566 So. 2d at 957 ("The duty to properly dispose of the [flammable] fluid arose *because* the liquid is flammable and the risk of harm . . . was specifically recognized by the [school b]oard."). Here, Defendant acknowledges they own a 30,000-pound asphalt roller, R. Doc. 13-1 at 2, that uses an industry-standard key that can start any piece of equipment produced by that manufacturer, R. Doc. 15-2 at 5, and that these universal keys are sold to the general public, *id.* Barriere knew of the risks associated with these risk-of-harm related aspects of the asphalt roller because it had internal procedures for storing its equipment safely, which included "staging/grouping the construction equipment together in a well-lit area, removing the keys from the equipment, turning off master switches to the equipment, and installing 'vandal guards' on the equipment." R. Doc. 15-2 at 2. Barriere's own policies manifest a self-imposed duty to properly store their equipment in a way to prevent it being stolen. *See Brown*, 566 So. 2d at 957. The general principles of fault and policy considerations caution that Barriere owed a duty to the public to properly store its heavy machinery when not in use. The Court will grant Plaintiffs' motion on the element of duty.

### 2. Element 4: Scope of Duty

"The fourth element [of a negligence claim], the legal causation or scope of duty inquiry, 'assumes a duty exists and questions whether the injury the plaintiff suffered is one of the risks encompassed by the rule of law that imposed the duty.'" *Harris*, No. 2020-0248, 322 So. 3d at 415 (quoting *Chaisson v. Avondale Indus., Inc.*, No. 05-1511, p. 24 (La. App. 4 Cir. 12/20/06), 947 So. 2d 171, 188). "Although for years the issue of whether legal cause was a fact issue or a legal issue 'baffled scholars and courts,' . . . the Louisiana Supreme Court confirmed that legal

13

cause is a mixed question of law and fact for the jury . . . to decide." *Chatman v. S. Univ. at New Orleans*, No. 2015-1179 (La. App. 4 Cir. 7/6/16), 197 So. 3d 366, 375 (citing *Parents of Minor Child v. Charlet*, No. 13-2879 (La. 4/4/14), 135 So. 3d 1177, 1181). "[L]egal causation is a question for the jury unless reasonable minds could not differ." *Thibodeaux v, Equinor USA E&P, Inc.*, No. 22-15, 2023 WL 6165702, at *18 (M.D. La. Sept. 21, 2023) (citing *Parents*, No. 13-2879, 135 So. 3d at 1181).

"In determining the limitation to be placed on liability for a defendant's substandard conduct, the proper inquiry is often how easily the risk of injury to the plaintiff can be associated with the duty sought to be enforced." *Chatman*, No. 2015-1179, 135 So. 3d at 379 (citing *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 294 (La. 1993)). In conducting this duty-risk analysis, the Louisiana Supreme Court has clarified that the ease-of-association inquiry encompasses the idea of foreseeability, but is not based on foreseeability alone. *Roberts v. Benoit*, 605 So. 2d 1032, 1045 (La. 1991). Overall, the factfinder should ask, "'[i]s the harm which befell the plaintiff easily associated with the type of conduct engaged in by the defendant?'" *Chaisson*, No. 05-1511, p. 24, 947 So.2d at 188 (quoting *Roberts*, 605 So.2d at 1032).

Here, disputed facts preclude summary judgment on the scope of duty element. The Court finds that reasonable minds could differ as to whether Barriere's alleged negligence in failing to secure its asphalt roller could be easily associated with the risk of someone stealing the asphalt roller and driving it into the road adjacent to the staging area. Notably, Plaintiffs submit evidence that the asphalt roller may have been lacking certain safety features required by Barriere's internal policies. For example, Plaintiffs cite to a "Work Order Listing" produced by Barriere, which lists certain safety and maintenance concerns presumably identified and recorded

14

by Barriere employees. R. Doc. 13-5 at 22. On August 16, 2023, about four months before the subject accident, someone noted that the asphalt roller had "NO VANDAL GUARDS." *Id.* Defendant argues that this listing was marked "Completed" on the same day, R. Doc. 17 at 5, but it cites to no work order in support of that proposition. The jury should determine, after hearing the evidence, what "Completed" means in that context. Disputed facts exist that preclude summary judgment. The Court denies Defendant's motion on the duty and scope of duty arguments, and now turns to address the parties' remaining relevant arguments.

### c.    Element 2: Breach

Plaintiff asks that the Court find that Barriere breached its duty as a matter of law, taking that question away from the fact-finder at trial. R. Doc. 13 at 6–8. Whether there was a breach of duty is a question of fact or a mixed question of law and fact. *Harris*, No. 2020-0248, 322 So. 3d at 413 (citing *Magri v. Jazz Casino Co., L.L.C.*, No. 19-0064 (La. App. 4 Cir. 6/26/19), 275 So. 3d 352, 358, *writ denied*, No. 19-01197 (La. 10/15/19), 280 So. 3d 611).

Here, the issue of breach is pregnant with fact, and the Court will not grant summary judgment on this element. The Court has already identified the disputed facts related to the vandal guards. Beyond that, Plaintiffs submit Barriere's internal "Theft and Vandalism Company Equipment Toolbox Talk," a document that "ensur[es] our equipment and jobsites are secure" which is "key to preventing theft and vandalism of company equipment." R. Doc. 13-5 at 60. For storing pieces of large equipment, the document instructs employees to "[p]lace all equipment together in a well-lighted area with some traffic. Install and lock vandal guards to protect windows and gauges. Accessories for equipment . . . should be secured for the night or put on service trucks. TURN OFF MASTER SWITCHES!!!!" *Id.* The parties do not dispute that a second key, apart from the universal ignition key, is used to turn on and off the master

disconnect switch on the asphalt roller. R. Doc. 15-2 at 5. Additionally, Barriere offers no evidence that any of its employees completed each of the listed safety items in the Toolbox Talk document on the day of the incident. Therefore, disputed facts exist as to whether Barriere turned off this master switch with the second required key before storing the asphalt roller in the staging area.

Moreover, Barriere's corporate representative testified that the company knew that the asphalt roller used a manufacturer-wide universal key, meaning that any manufacturer-authorized key would start any piece of equipment. R. Doc. 15-8 at 64–65. He also testified that Barriere had no fencing, cameras, watchmen, or security of any kind at the staging area. *Id.* at 107. Reasonable factfinders could disagree as to whether Barriere breached its duty to use reasonable care in storing its asphalt roller in a way that would protect the public from potential injury by failing to utilize security measures beyond its internal policies. Moreover, reasonable jurors could disagree as to whether Barriere failed to adhere to its internal standards and breached its duty to Plaintiffs. The Court denies both summary judgment motions as to the breach element.

### d.    Elements 3 and 5: Cause-in-Fact and Damages

Defendant does not argue that Plaintiffs cannot factually support these two elements of their direct negligence claim. *See* R. Doc. 15-3. Therefore, the Court will not consider these elements in its determination. Plaintiffs' direct negligence claim survives summary judgment, and the jury will consider all elements except for duty, which the Court has found exists as a matter of law.

### V.    CONCLUSION

For the foregoing reasons,

16

**IT IS ORDERED** that the motions for summary judgment, R. Docs. 13 & 15, are **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' motion is **GRANTED** as to the element of duty and denied as to all else. Defendant's motion is **GRANTED** as to Plaintiffs' negligent hiring, training, supervision and retention and inadequate oversight claims, and is denied as to all other arguments. Trial will proceed on Plaintiffs' direct negligence claim.

New Orleans, Louisiana, this 24th day of April, 2026.

_____
THE HONORABLE ELDON E. FALLON

17